UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

BROADCAST MUSIC, INC.; MARFRE MUSIC; SAN ANTONIO MUSIC PUBLISHERS, INC.; BRUJO MUSIC,

    Plaintiffs,

v.

VUELVE A LA VIDA MARISCOS, INC. d/b/a VIDA MARISCOS a/k/a VIDA MARISCOS SEAFOOD AND SPORTS BAR and SERGIO CABRERA and MANUEL CABRERA, each individually,

    Defendants.

CIVIL ACTION NO.: _____

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs, by their attorneys, for their Complaint against Defendants Vuelve A La Vida Mariscos, Inc. d/b/a Vida Mariscos Seafood and Sports Bar and Sergio Cabrera, and Manual Cabrera, Individually (collectively "Defendants"), allege as follows:

### JURISDICTION AND VENUE

1.    This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101, et seq. (the "Copyright Act").  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Additionally, this Court has supplemental jurisdiction over any state law claims within the same case or controversy pursuant to 28 U.S.C. § 1367(a).

2.    This Court has personal jurisdiction over Defendants because Defendants are residents of and/or are incorporated in this State and are conducting business in this State,

including in this District, Defendants' acts of copyright infringement are occurring in this State, including in this District, and Defendants should anticipate being haled into court in this State.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(a).

## THE PARTIES

4. Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of Delaware. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in 14 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

5. The other Plaintiffs are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

6. Plaintiff Marfre Music is a sole proprietorship owned by Freddie Martinez. This Plaintiff is the copyright owner of at least one of the songs in this matter.

7. Plaintiff San Antonio Music Publishers, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

8. Plaintiff Brujo Music is a partnership owned by August E. Meyer, Jr. and Anthony Tomblin a/k/a Lucky Tomblin. This Plaintiff is the copyright owner of at least one of the songs in this matter.

9. Defendant Vuelve A La Vida Mariscos, Inc. is a corporation organized and existing under the laws of the state of Texas, which operates, maintains and controls an

establishment known as Vida Mariscos a/k/a Vida Mariscos Seafood and Sports Bar, located at 22400 Tomball Parkway, Houston, Texas 77070, in this district (the "Establishment").

10. In connection with the operation of the Establishment, Vuelve A La Vida Mariscos, Inc. publicly performs musical compositions and/or causes musical compositions to be publicly performed. Defendant Vuelve A La Vida Mariscos, Inc. may be served with process by serving its registered agent, Harold A. Holtman, Jr., 876 Loop 337, Suite 501, New Braunfels, Texas 78130.

11. Defendant Vuelve A La Vida Mariscos, Inc. has a direct financial interest in the Establishment.

12. Defendant Sergio Cabrera is an officer of Defendant Vuelve A La Vida Mariscos, Inc. with responsibility for the operation and management of that corporation and the Establishment. Defendant Sergio Cabrera may be served with process at his place of business located at 22400 Tomball Parkway, Houston, Texas 77070.

13. Defendant Sergio Cabrera has the right and ability to supervise the activities of Defendant Vuelve A La Vida Mariscos, Inc. and a direct financial interest in that corporation and the Establishment.

14. Defendant Manuel Cabrera is an officer of Defendant Vuelve A La Vida Mariscos, Inc. with responsibility for the operation and management of that corporation and the Establishment. Defendant Manuel Cabrera may be served with process at his place of business located at 22400 Tomball Parkway, Houston, Texas 77070.

15. Defendant Manuel Cabrera has the right and ability to supervise the activities of Defendant Vuelve A La Vida Mariscos, Inc. and a direct financial interest in that corporation and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

16. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 15.

17. Since April 2015, BMI has reached out to Defendants over fifty (50) times, by phone, an in-person visit, mail and email, in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI Repertoire. Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

18. Plaintiffs allege three (3) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

19. Attached to this Complaint as a schedule (the "Schedule") and incorporated herein as Exhibit A is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the three (3) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of

information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

20. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

21. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

22. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

23. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

24. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(a) Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502;

(b) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. § 504(c);

(c) Defendants be ordered to pay costs, including a reasonable attorneys' fee, pursuant to 17 U.S.C. § 505; and

(d) Plaintiffs have such other and further relief as is just and equitable.

Dated: July 22, 2019                           Respectfully submitted,

/s/ Myall S. Hawkins
Myall S. Hawkins
S.D. Texas Admission No. 7845
Texas Bar No. 09250320
Email:  mhawkins@seyfarth.com
SEYFARTH SHAW LLP
700 Milam, Suite 1400
Houston, Texas 77002
Phone: 713 238 1875
Fax:  713 225 2340

ATTORNEY-IN-CHARGE FOR PLAINTIFFS

OF COUNSEL:
Lisa H. Meyerhoff
S.D. Texas Admissions No. 18693
Texas Bar No. 14000255
Email: Lmeyerhoff@seyfarth.com
SEYFARTH SHAW LLP
700 Milam, Suite 1400
Houston, Texas 77002
Phone: 713 238 1874
Fax:  713 225 2340

ATTORNEYS FOR PLAINTIFFS